THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

___

PRIVILEGE UNDERWRITERS RECIPROCAL
EXCHANGE a/s/o CARY ROSENBLUM,

    Plaintiff,

v.                                                                   No. _____

ANDREW BUTLER, Individually and
as an Employee of U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT, and
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
an Agency of the United States Government,

    Defendants,

___

## COMPLAINT

___

COMES NOW the Plaintiff Privilege Underwriters Reciprocal Exchange (hereinafter also referred to as "PURE") as subrogee of Cary Rosenblum (hereinafter also referred to as "Mr. Rosenblum"), by and through counsel, and brings this Action against Defendant Andrew Butler (hereinafter also referred to as "Defendant Butler" and collectively as "Defendants") in his Individual Capacity and in his official capacity as an Employee of U.S. Immigration and Customs Enforcement, and Defendant U.S. Immigration and Customs Enforcement (hereinafter also referred to as "ICE" and collectively as "Defendants"), an Agency of the United States Government, in tort seeking recovery of insurance claim payments for property damage caused by the Defendants' negligence relative to a motor vehicle accident that occurred in Nashville, Davidson County, Tennessee on or about September 25, 2019. In support, PURE would show unto this Honorable Court as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Privilege Underwriters Reciprocal Exchange is a member owned unincorporated association established and based in the State of Florida that acts as a reciprocal exchange with a principal place of business at 44 S. Broadway, Ste. 301, White Plains, New York 1060 that is duly authorized to conduct business in the State of Tennessee.

2. Cary Rosenblum is an adult resident citizen of Nashville, Davidson County, Tennessee who enjoyed coverage under a policy of insurance with PURE at the times relevant.

3. Upon information and belief, Defendant Andrew Butler is an adult resident citizen of Nashville, Davidson County, Tennessee and, at all times relevant, was an employee of Defendant U.S. Immigration and Customs Enforcement. Defendant Butler is sued individually and in his official capacity as an employee of Defendant U.S. Immigration and Customs Enforcements.

4. Upon information and belief, Defendant Butler may be served with process in his official capacity by and through sending a copy of a summons and the instant Complaint via certified mail to the civil process clerk at the office of the U.S. Attorney for the Middle District of Tennessee at 110 9th Avenue South, Suite A-961, Nashville, Tennessee 37203 coupled with sending a copy of a summons and the instant Complaint via certified mail to Defendant U.S. Immigration and Customs Enforcement at 500 12th Street, SW, Washington, DC 20024 pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

5. Upon information and belief, Defendant Butler may be served with process in his individual capacity by and through personal service upon him at 501 Brickchurch Park Drive, Nashville, Tennessee 37207 coupled with sending a copy of a summons and the instant Complaint via certified mail to the civil process clerk at the office of the U.S. Attorney for the Middle District

2

Case 3:22-cv-00110   Document 1   Filed 02/18/22   Page 2 of 6 PageID #: 2

of Tennessee at 110 9th Avenue South, Suite A-961, Nashville, Tennessee 37203 pursuant to Rule 4(i)(3) of the Federal Rules of Civil Procedure.

6. Upon information and belief, Defendant U.S. Immigration and Customs Enforcement is an Agency of the United States Government that may be served with process by and through sending a copy of a summons and the instant Complaint via certified mail to the civil process clerk at the office of the U.S. Attorney for the Middle District of Tennessee at 110 9th Avenue South, Suite A-961, Nashville, Tennessee 37203 coupled with sending a copy of a summons and the instant Complaint via certified mail to Defendant U.S. Immigration and Customs Enforcement at 500 12th Street, SW, Washington, DC 20024 pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

7. Pursuant to The Federal Tort Claims Act, 28 U.S.C. 2671 *et seq.*, PURE presented the instant claim to Defendant U.S. Immigration and Customs Enforcement by and through the Department of Homeland Security in writing on or about November 1, 2019; again, directly upon Defendant U.S. Immigration and Customs Enforcement, on or about August 7, 2020; and, again, directly upon Defendant U.S. Immigration and Customs Enforcement on or about December 13, 2021.

8. On or about September 13, 2021, Defendant U.S. Immigration and Customs Enforcement mailed notice of its decision to deny PURE's claim pursuant to The Federal Tort Claims Act, 28 U.S.C. 2671 *et seq.*

9. Pursuant to 28 U.S.C. 2401(b), PURE has timely commenced the instant Cause by filing suit within six months of Defendant U.S. Immigration and Customs Enforcement mailing notice of its decision to deny PURE's claim.

10. This Honorable Court enjoys jurisdiction pursuant to 28 U.S.C. § 1346(b) as PURE seeks to recover money damages for loss of property caused by the negligent acts and/or omissions of Defendants.

11. The Nashville Division of the Middle District of Tennessee is the proper venue for this Cause pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 123(b)(1) as a substantial part of the acts and omissions giving rise to PURE's claim occurred in Davidson County, Tennessee.

## FACTS AND CAUSE OF ACTION

12. By incorporation through reference, PURE restates all previous allegations and averments.

13. At all times relevant, Cary Rosenblum enjoyed coverage under a policy of insurance with PURE relative to his 2019 Range Rover Sport Dynamic automobile.

14. On or about September 25, 2019, Cary Rosenblum was operating his 2019 Range Rover Sport Dynamic automobile northbound on I-65 in lane 2 at or near milemarker 81 in Nashville, Davidson County, Tennessee.

15. At the same time, Defendant Butler was operating a 2010 Ford F15 pickup truck northbound on I-65 in lane 1 at or near milemarker 81 in Nashville, Davidson County, Tennessee south of Cary Rosenblum's vehicle.

16. At the times relevant, ICE owned the 2010 Ford F15 pickup truck that Defendant Butler was operating.

17. At the times relevant, Defendant Butler was an agent, employee, and/or servant of ICE.

18. Upon information and belief, Defendant Butler operated the 2010 Ford F15 pickup truck owned by ICE with ICE's permission, consent, and/or authority within the scope and course of his employment with ICE.

19. As the two vehicles travelled northbound on I-65, Defendant Butler departed lane 1, entered lane 2, and caused or otherwise allowed the front of ICE's vehicle to collide with the rear of Cary Rosenblum's vehicle.

20. As a result of the collision, Cary Rosenblum's vehicle sustained damage.

21. Defendant Butler's acts and/or omissions, including, but not limited to, failing to maintain control of the vehicle he was operating, failing to maintain a safe lookout, following Cary Rosemblum's vehicle too closely, and failing to operate the vehicle in a reasonably prudent manner, constitute negligence.

22. At the times relevant, Defendant Butler was operating the 2010 Ford F15 pickup truck owned by ICE with ICE's permission, consent, and/or authority such that each and every act and/or omission amounting to negligence on the part of Defendant Butler is imputed to ICE rendering ICE vicariously liable for the same.

23. At the times relevant, Defendant Butler was operating the 2010 Ford F15 pickup truck within the scope and course of his employment and/or agency relationship with ICE such that each and every act and/or omission amounting to negligence on the part of Defendant Butler is imputed to ICE rendering ICE vicariously liable for the same.

24. In the alternative, ICE's entrustment of its vehicle to Defendant Butler amounts to negligent entrustment as ICE knew, or reasonably should have known, that Defendant Butler was unable to operate the vehicle in a reasonably prudent manner so as to avoid causing a collision with Cary Rosenblum's vehicle.

25. Pursuant to its insurance policy, PURE made payment in an amount not less than $37,459.89 to and/or on behalf of Cary Rosenblum for the property damage to his vehicle caused

5

Case 3:22-cv-00110    Document 1    Filed 02/18/22    Page 5 of 6 PageID #: 5

by Defendants' negligence such that PURE is legally, contractually, and equitably subrogated to recover the same from the Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Privilege Underwriters Reciprocal Exchange prays that the Court grant it judgment in an amount not to exceed $50,000.00 for compensatory damages and, further, award it discretionary costs, court costs, pre-judgment interest, and post-judgment interest.

Respectfully submitted,

McDONALD KUHN, PLLC

/s/ Joseph B. Baker
Joseph B. Baker (28046)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
(901) 526-0606
*Attorneys for Plaintiff Privilege Underwriters Reciprocal Exchange*